ON MOTION FOR EXTRAORDINARY RELIEF

BANKS, Justice,
for the Court:
This matter is before the Court on a petition to rehear a decision of this Court deny *387 ing mandamus to the Court of Appeals to allow a petition for rehearing denied pursuant to the provisions of Rule 40 MRAP. After careful consideration the Court concludes that extraordinary relief is in order.. We remand this matter to the Court of Appeals for consideration of a petition for- rehearing pursuant to the provisions of Rule 2(c) of the Rules of Appellate Procedure.
There was an opinion issued by the Court of Appeals reversing Shaw’s conviction. The state filed a petition for rehearing and the Court of Appeals issued a subsequent opinion affirming the conviction. Shaw, acting pro se, sought a rehearing on the issues not addressed in the state’s petition for rehearing or in the original opinion. The Court of Appeals denied consideration of the petition pursuant to Rule 40(a) of the Mississippi Rules of Appellate procedure which provides that “[a]fter a petition for rehearing has been granted or denied, no further petition for rehearing shall be filed by either party.”
It is our view that in the rare circumstance where a petition for rehearing is granted and the result changed, the ultimate losing party should not be absolutely denied an opportunity to point out error which could not have been apparent in the previous decision of the Court. Additionally, one who would file a petition for certiorari to this Court “must first seek review of [the Court of Appeals’] decision by filing a petition for rehearing in the Court of Appeals.”
In this case, the Court of Appeals failed to address at all two alleged errors in the first opinion. In the second opinion those errors were addressed. Rule 2(c) allows the suspension of the rules, including the Rule 40 prohibition, for “good cause shown.” Because Shaw had no occasion to address the Court of Appeals’ disposition of his ineffective assistance issues and because filing a motion for rehearing with the Court of Appeals is a prerequisite to seeking further review in this Court, we conclude that good cause has been shown. We remand this matter to the Court of Appeals for further proceedings consistent herewith. We express no opinion as to the substantive merit of Shaw’s petition.
MOTION FOR EXTRAORDINARY RELIEF GRANTED AND THIS MATTER IS REMANDED TO THE COURT OF APPEALS FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PRATHER and SULLIVAN, P.JJ., and PITTMAN and McRAE, JJ„ concur.
DAN LEE, C.J., concurs in part and dissents in part with separate written opinion.
SMITH, J., dissents with separate written opinion joined by JAMES L. ROBERTS, Jr. and MILLS, JJ.